UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24668-CIV-MORENO

JACOB MURPHY,

    Plaintiff,

vs.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND ORDER DENYING ALL PENDING MOTIONS AS MOOT

Plaintiff Jacob Murphy asserts a single claim against Defendant American Bankers Insurance Company of Florida for breach of contract related to an insurance coverage dispute arising from flood-related damage to Plaintiff's property. Defendant issued Plaintiff a Standard Flood Insurance Policy in connection with its participation in the U.S. Government's National Flood Insurance Program under the National Flood Insurance Act of 1986. The Court grants Defendant's Motion for Judgment on the Pleadings, holding that Plaintiff failed to meet the conditions precedent to bringing this suit and to recovering under the Standard Flood Insurance Policy when he did not comply with the sixty-day proof of loss requirement in conformity with 44 C.F.R., Pt. 61, App. A(1), Art. VII.G. Accordingly, the complaint is dismissed with prejudice.

## BACKGROUND

Plaintiff owns property that was insured under a Standard Flood Insurance Policy issued by Defendant. Defendant is authorized to issue such policies under its own name as a Write-Your-Own Program Carrier participating in the National Flood Insurance Program pursuant to the

arrangement between itself and the Federal Emergency Management Agency. The Standard Flood Insurance Policy is itself a federal law and was drafted by the United States Government. *See* 44 C.F.R. Part 61, App. A(1). The federal government is a guarantor and assumes full liability for flood insurance policies that are issued by Defendant. The Standard Flood Insurance Policy provides coverage for damages directly caused by flood up to the coverage limit of $250,000.

The terms provide that an insured cannot file a lawsuit seeking federal benefits under the policy unless the participant demonstrates his compliance with "all the requirements of the policy." 44 C.F.R. Pt. 61, App. A(1), art. VII. O. Further, the policy requires that in the event of a loss, the insured must, within sixty days after the loss, submit to the carrier a timely, signed, and sworn proof of loss stating the total amount being claimed, along with an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss, accompanied by all bills, receipts, and related documents. *See* 44 C.F.R., Pt. 61, App. A(1), Art. VII(G). The policy codifies federal law which states that carriers cannot waive or vary the terms and conditions of the policy. *See* 44 C.F.R. §§ 61.4(b), 61.13(d)–(e), 622.23(c) –(d).

On June 4, 2022, Tropical Storm Alex caused flooding to the area, and the storm surge, tidal water, and rain inundated Plaintiff's land, resulting in significant damage to his property. After the flood loss, Plaintiff made efforts to inspect and maintain the property. However, he did not provide Defendant with notice of the loss until November 8, 2022. Thereafter, Defendant sent an independent adjuster to inspect the property who prepared an estimate of repairs totaling $5,427.07. Defendant issued payment in the amount of $3,427.07, which represented the total amount of the adjuster's estimate less the policy's $2,000 deductible. Plaintiff rejected and refused to accept the payment.

On January 4, 2023, Plaintiff submitted a proof of loss to Defendant totaling $295,085.45, which listed the date of loss as June 4, 2022. Following the submission of the Proof of Loss, and at Plaintiff's request, Defendant sent an engineer to inspect the property. Defendant denied the remainder of the claim based on the engineer's report and Plaintiff's refusal to accept the prior payment. Plaintiff thereafter filed this lawsuit against Defendant claiming that Defendant breached the insurance contract when it refused to pay.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Accordingly, the Court must accept the complaints factual allegations as true and must construe them in the light most favorable to the plaintiff. *See, e.g., Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).

"If a comparison of the averments in the competing pleadings reveals a material dispute of a fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). In making a ruling on the motion, the Court "may consider documents attached to the complaint or incorporated by reference without converting the motion into a motion for summary judgment if the documents are (1) central to the complaint, and (2) the documents' authenticity is not in dispute." *Oriental Republic of Uruguay v. Italba Corp.*, 606 F.Supp.3d 1250,

1258–59 (S.D. Fla. 2022) (quoting *Eisenberg v. City of Miami Beach*, 54 F.Supp.3d 1312, 1319 (S.D. Fla. 2014)).

## DISCUSSION

The issue is whether Plaintiff failed to timely submit his proof of loss following the flood. Unless the insured receives a written waiver of the requirement, filing a proof of loss within sixty days of the loss is a condition precedent to receiving benefits under the Standard Flood Insurance Program. 44 C.F.R., Pt. 61, App. A(1), Art. VII(G). And the Eleventh Circuit has held that an "insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003)..

Defendant argues that Plaintiff's submission of his proof of loss on January 4, 2023, occurred seven months after the date of loss, and thus warrants dismissal.[1] Plaintiff does not dispute that the policy requires proof of loss within sixty days after the loss. He does, however, posit that his proof of loss was timely given the date of notice. Specifically, Plaintiff argues that the flood waters were located beneath his home, and that he did not know and had no reason to know that the flood waters had reached such a high level that the wood bearers would be affected. Thus, he states that he first discovered the extent of the damage to his home on November 8, 2022, and submitted his proof of loss on January 4, 2023, fifty-six days after first becoming aware of the flood damage.

---

[1] In his complaint, Plaintiff discusses the proof of loss he submitted to Defendant, but does not attach it. (D.E. 1, ¶ 28). The document is central to Plaintiff's claim that Defendant breached the insurance contract by failing to pay the amount claimed in the proof of loss, which sets forth the damages sought in this case. And Plaintiff does not contest the authenticity of the proof of loss Defendant attaches to its motion. Accordingly, the Court may consider it in ruling on the instant motion because the document is "(1) central to the complaint, and (2) the [document's] authenticity is not in dispute." *Oriental Republic of Uruguay*, 606 F.Supp.3d at 1258–59; *see also Edwards v. Dothan City Sch.*, 82 F.4th 1306, 1311 (11th Cir. 2023) (providing circumstances where court may consider documents outside of the pleadings when ruling on a motion to dismiss).

Plaintiff never alleged in his complaint that he was not aware of the water damage until November 8, 2022. And this Court may only consider the pleadings—i.e., the complaint and answer—when considering a motion for judgment on the pleadings.[2] Fed. R. Civ. P. 7(a); *see Hawthorne*, 140 F.3d at 1370 ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."). Even if Plaintiff had made such a claim, the date he learned of the extent of the damage is irrelevant to whether he complied with the policy's requirements. The plain, unambiguous, and uncontested language of the policy states that Plaintiff must provide a sworn proof of loss within sixty days of the loss—not within sixty days of realizing the extent of the damage to the property, or within sixty days of discovering certain additional damages.

In *Sanz v. U.S. Sec. Ins. Co.*, the Eleventh Circuit considered a case where an insured saw no immediate signs of damage following a hurricane, but where the insured "began to notice cracks in the walls of his house after approximately two months." 328 F.3d 1314, 1317 (11th Cir. 2003). Thus, the insured notified his insurance carrier nearly four months later without filing a signed, sworn proof of loss. *Id.* The Court held that plaintiff's "failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery." *Id.* at 1319. In reaching this determination, the Eleventh Circuit relied on the Supreme Court's warning that "not even the 'temptations of a hard case' should cause courts to read the requirements

---

[2] Plaintiff's response also includes allegations and argument regarding prompt notice. Plaintiff's discussion of *Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.* quotes the court's holdings regarding a late notice defense. No. 6:07-CV-32-ORL-DAB, 2009 WL 1413400, at *1. But that case did not involve a flood policy, or the Write-Your-Own Program. Further, the case relied on state, rather than federal law. *Id.* at *6. And finally, Defendant is not making a prompt notice defense. The case Plaintiff cites, and indeed, the entire line of argument is inapposite to the instant motion. Thus, even if the Court could consider Plaintiff's newly raised arguments (which it cannot), the holding would be the same.

of a federal insurance contract with 'charitable laxity.'" *Id.* at 1318 (quoting *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 386 (1947)).

It is present on the face of the pleadings and the accompanying documentation referenced by the complaint that Plaintiff failed to comply with the policy's timely proof of loss requirement. The proof of loss that Plaintiff submitted identifies the date of the loss as June 4, 2022. Plaintiff provided the proof of loss to Defendant on January 4, 2023—seven months after the date of loss. Per the terms of the policy, that ends the Court's analysis unless Plaintiff can show he received a signed waiver. But there is no dispute that Plaintiff did not have a written waiver of this requirement. Thus, Plaintiff failed to "adhere strictly to the requirements" of the policy. *Sanz*, 328 F.3d at 1318. Accordingly, the Court must grant Defendant's Motion for Judgment on the Pleadings and dismiss Plaintiff's complaint. *See, e.g.*, *Shuford v. Fidelity Nat. Property & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007) (affirming district court's decision to grant summary judgment against plaintiff because "failure to file a proof of loss bars recovery absent written waiver of the proof-of-loss requirement").

## CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that the motion is **GRANTED**. It is further

**ADJUDGED** that this Cause is **DISMISSED** with prejudice, with each party bearing its own fees and costs. Further, all pending motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this ___15th___ of July 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record